UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLON RICHARD COX,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | Civil No.: 16-CV-01428-JAH<br>Criminal No.: 98-CR-01890-JAH<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [DOC. NO. 21]** |

## **INTRODUCTION**

This matter comes before the Court on Petitioner Gaylon Richard Cox's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Doc. No. 21. Petitioner's motion has been fully briefed. *See* Doc. No. 24. Under Rule 4 of the Rules Governing § 2255 Proceedings, this Court may dismiss a § 2255 motion if it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings, that a petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing § 2255 Proceedings; *see also United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994). Having thoroughly considered the parties' briefing, the relevant record, and, in accordance

1

with Rule 4, the Court finds oral argument unnecessary, and hereby **DENIES** Petitioner's motion.

### BACKGROUND[1]

Petitioner is currently in Bureau of Prisons custody serving a life term imposed by a Court in the Eastern District of Arkansas.[2]

On April 10, 1998, Petitioner entered a Bank of America located on 912 Garnet Avenue, San Diego, California, and, "through force or intimidation," absconded with $2,104.00 of the bank's money. Specifically, Petitioner admitted to approaching a teller and ordering her to, "Give me the money. Don't make me take out the pistol. Hurry, and give me all your money." *See* Doc. Nos. 1 at 1-2, 24-1 at 2-3. Defendant then turned to a second teller, and ordered, "You too. Give me that money." *Id*. Seven days later, on April 17, 1998, Petitioner returned to the same Bank of America, pointed a pellet gun at a teller, and said, "Give me your money. All of it." *See* Doc. No. 1 at 3-4. The tellers gave Petitioner $16,104.00, insured by the Federal Deposit Insurance Corporation (FDIC), which the petitioner took, and exited the building. *Id*.

On April 17, 1998, Petitioner was arrested on suspicion of his involvement in several local bank robberies. *Id.* at 4. Petitioner immediately confessed, and Respondent United States of America ("Respondent") brought formal charges. *See generally id*. Petitioner was initially charged with two counts—one count of bank robbery in violation of 18 U.S.C. § 2133(a) for the incident on April 10, 1998 ("Count One"), and one count of armed bank

---

[1] The following is taken from the pleadings and is not to be construed as findings of fact by the Court.

[2] The record reflects that a jury in the E.D. of Arkansas convicted Petitioner of bank robbery. At sentencing, Petitioner had three prior convictions for bank robbery (in 1980, 1989, and 1998), and convictions for burglary (1975), possession of a slugging/stabbing weapon (1978), alien smuggling (1979), vehicle theft (1989), and escape (1989). *See* Doc. No. 24. Pursuant to the relevant "three-strike" law, the Court imposed a life sentence.

robbery in violation of 18 U.S.C. § 2133(d) for the incident on April 17, 1998 ("Count Two"). *Id*. On June 18, 1998, Respondent dropped Count Two. *See* Doc. No. 7.

On August 3, 1998, Petitioner appeared for a change of plea hearing held before the Honorable Irma E. Gonzalez, and, with the advice and consent of counsel, Petitioner changed his plea to guilty as to Count One. *See* Doc. Nos. 12, 24-1. During the hearing, Petitioner also affirmed that he discussed the plea agreement with his attorney, initialed every page of the agreement, and signed the agreement. *See* Doc. No. 24-1. Moreover, the Court inquired whether Petitioner fully understood the agreement, had sufficient time to review the agreement, and understood all the terms. *Id*. Petitioner answered all of these questions in the affirmative. *Id*. Following the Rule 11 colloquy, which included advisal of all constitutional rights, and the maximum penalties, and which rights he was knowingly giving up, Petitioner affirmed that he wanted to change his previously entered *not guilty* plea to *guilty*, as to Count One. *Id*. As part of his plea, Petitioner waived, "to the full extent of the law," any right to collaterally attack his conviction and sentence. *Id*.

On October 27, 1998, Petitioner filed objections to Respondent's presentence report ("PSR"). *See* Doc. No. 15. Notably, Petitioner claimed that his 1989 conviction was not, as the PSR indicated, for *armed* bank robbery in violation of 18 U.S.C. § 2113(d), but rather for *unarmed* bank robbery in violation of 18 U.S.C. 2113(a). *Id*.

On November 6, 1998, Petitioner appeared for a sentencing hearing held before Judge Gonzalez. *See* Doc. Nos. 17, 24 at 4. At the hearing, Judge Gonzalez overruled Petitioner's objections. *See* Doc. No. 24 at 4. Petitioner also requested a three-level variance for acceptance of responsibility, for a recommended sentence of 151 months. *See* Doc. No. 15. Judge Gonzalez further determined that Petitioner qualified as a Career Offender, finding that his prior convictions for bank robbery qualified as crimes of violence as defined by the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.1. *See* Doc. No. 24. Accordingly, due to Petitioner's criminal record, his base offense level was 32 with a Criminal History Category of VI. *Id*. With a Criminal History Category

of VI, Petitioner's Career Offender status increased his Guideline range from (100 – 125) months to (210 – 262) months. Petitioner's request for a three-level departure was granted; thereby lowering Petitioner's Criminal History level to 29, with a Guideline range of (151 – 188) months. *See* Doc. No. 24-1. Judge Gonzalez imposed the low-end 151 month sentence that Petitioner and the Government recommended. *See* Doc. No. 24-2.

Petitioner was sentenced to 151 months in Bureau of Prisons custody, followed by three years of supervised release. *See* Doc. No. 17. Judgment was entered on November 19, 1998. *See* Doc. Nos. 17, 18.

On June 25, 2015, the Supreme Court decided *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal's Act ("ACCA") definition of violent felony. 135 S. Ct. 2551 (2015) ("*Johnson II*"). On June 6, 2016, Petitioner, proceeding *pro se*, filed the instant § 2255 motion arguing, as his basis for relief, *Johnson II*. On November 7, 2016, Respondent filed a response in opposition, which included a motion to stay proceedings until the resolution of *Beckles v. United States*, 136 S. Ct. 2510 (2016). *See* Doc. No. 24. Petitioner did not file a reply brief.

## **DISCUSSION**

I. **Legal Standard**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to petitions for writ of *habeas corpus* filed in federal court after April 24, 1996. *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Therefore, the instant petition is subject to AEDPA because it was filed on June 6, 2016. A § 2255 motion may be brought to vacate, set aside, or correct a federal sentence on the following grounds: (1) that the sentence "was imposed in violation of the Constitution or laws of the United States," (2) that "the court was without jurisdiction to impose such [a] sentence," (3) that "the sentence was in excess of the maximum authorized by law," or (4) that "the sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

//

## II. Analysis

The Career Offender Guidelines require courts to increase the offense level of a "Career Offender." § 4B1.1(a) of the Guidelines define a Career Offender as a defendant who "has at least two prior felony convictions of either a *crime of violence* or a controlled substance offense." (Emphasis added). § 4B1.2(a) of the 1998 Guidelines, which were in use at the time of Petitioner's sentencing defined a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 4B1.2(a)(1) is typically referred to as the "force" or "elements" clause. The first portion of § 4B1.2(a)(2), which lists four enumerated offenses, is typically referred to as the "enumerated offenses" clause. The second portion of § 4B1.2(a)(2), beginning with the words "or otherwise," is typically referred to as the "residual clause." *See, e.g., United States v. Crews*, 621 F.3d 849, 852 (9th Cir. 2010). Thus, under the Career Offender Guidelines in effect at the time of Petitioner's sentencing, there were three ways a conviction could qualify as a crime of violence: (1) under the force/elements clause; (2) as a match for one of the four enumerated offenses; or (3) under the residual clause.

Petitioner argues that he is entitled to relief under § 2255 because (1) the residual clause in the Career Offender Guidelines is unconstitutionally vague per the 2015 Supreme Court decision in *Johnson II*, and, therefore, unarmed robbery is not an enumerated offense; and (2) unarmed bank robbery does not qualify as a crime of violence under the force clause because it does not require the necessary *mens rea*. *See* Doc. No. 21.

In opposition, Respondent argues that Petitioner is ineligible for § 2255 relief because (1) Petitioner, through his plea agreement, waived his right to collaterally attack his sentence; (2) Petitioner procedurally defaulted his challenge to his Career Offender

5

designation; (3) *Johnson II* does not retroactively apply to the Guidelines; (4) even if *Johnson II* is applicable, this new procedural rule would not be "watershed," thus rendering the current sentence fair; and (5) Petitioner remains a Career Offender without the residual clause.

### A.     Procedural Default

Respondent argues that Petitioner's claim is procedurally defaulted because he failed to raise it on appeal. *Id*. The Court disagrees. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised [ ] only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quotation marks and citations omitted). Petitioner does not claim actual innocence. *See* Doc. No. 21. Therefore, Petitioner can overcome this hurdle only by demonstrating cause and actual prejudice.

#### 1.     Cause

Cause exists when a claim is "novel." *See Reed v. Ross*, 468 U.S. 1, 15 (1984). A claim could be novel where a Supreme Court decision: (1) "explicitly overrule[s] one of th[e] Court's precedents[;]" (2) "overturn[s] a longstanding and widespread practice to which th[e] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved[;]" or (3) "disapprove[s] a practice th[e] Court arguably has sanctioned in prior cases." *Id.* at 17 (quotation marks omitted). Here, novelty exists, and *Johnson II* disapproves a practice the Court has sanctioned in prior cases. As the Supreme Court itself recognized, *Johnson II* expressly overruled Supreme Court precedent. *See Johnson II*, *supra*, 135 S. Ct. at 2563. Accordingly, the Court finds Petitioner's claim sufficiently "novel."

#### 2.     Prejudice

To show prejudice, Petitioner must "demonstrate not merely that the errors . . . [in the proceedings] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceedings] with error of constitutional

6

dimensions." *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007) (quotation marks omitted). Thus, Petitioner must show a "reasonable probability" that without the error, the result of the proceedings would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999).

Petitioner contends that he was prejudiced because after *Johnson II*, he no longer qualifies as Career Offender. *See* Doc. No. 21. Specifically, Petitioner argues that, post-*Johnson II*, unarmed bank robbery under 18 U.S.C. § 2113(a) is no longer a crime of violence under the Guidelines; and, therefore, the 151 month sentence imposed is unjust in light of the circumstances. *Id*. In *Molina-Martinez*, the Supreme Court emphasized the critical role the Guidelines play in sentencing and noted that even if the sentencing court varies from the Guidelines, "if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the basis for the sentence*." 136 S. Ct. 1338, 1345 (2016) (emphasis in original). The Supreme Court thus concluded that a review of a Guideline error, "[w]hen a defendant is sentenced under an incorrect Guidelines range[,] whether or not the defendant's ultimate sentence falls within the correct range[,] the error itself can, and most often will, be sufficient to show reasonable probability of a different outcome absent the error." *Id.* Although *Molina-Martinez* was in the context of a direct appeal and not a procedural default, the Supreme Court's reasoning supports this Court's analysis. Accordingly, the Court finds that a discrepancy in sentencing would demonstrate the requisite showing of actual prejudice sufficient to overcome procedural default.

Additionally, courts have concluded that § 2255 motions based on a *Johnson II* claim are not procedurally defaulted because such claims were not "reasonably available" prior to *Johnson II*. *United States v. Kinman*, No. 16-cv-1360-JM, 2016 WL 6124456, *4 (S.D. Cal. Oct. 20, 2016). The Court concludes that Petitioner has overcome his failure to previously raise the instant claim. As such, his claim should proceed on the merits.

//

7

### B. *Johnson v. United States*

In *Johnson II,* the Court held that the residual clause of the Armed Career Criminal Act ("A.C.C.A.") was void for vagueness because it violates Due Process. *Johnson II, supra*, 135 S. Ct. at 2551. Moreover, the Court held that its decision in *Johnson II* announced a new substantive rule that applied retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). However, the Court left open the question whether a similar provision in the Guidelines was also unconstitutional for the same reason, which was addressed in *Beckles v. United States*, 137 S. Ct. 886 (2017). On March 6, 2017, the Court issued its decision in *Beckles*, which states, in pertinent part, as follows:

> The Guidelines were initially binding on district courts, but this Court in *Booker* rendered them effectively advisory. Although the Guidelines remain 'the starting point and the initial benchmark' for sentencing, a sentencing court may no longer rely exclusively on the Guidelines range; rather, the court 'must make an individualized assessment based on the facts presented and other statutory factors.' The Guidelines thus continue to guide district courts in exercising their discretion by serving as 'the framework for sentencing,' but they 'do not constrain th[at] discretion,' . . . *Because they merely guide the district court's discretion, the Guidelines are not amenable to a void for vagueness challenge.* As discussed above, the system of purely discretionary sentencing that predated the Guidelines was constitutionally permissible. If a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be.

*Id.* (citations omitted) (emphasis added). Because the Guidelines are not subject to void for vagueness challenges, defendants, such as Petitioner, sentenced under the Career Offender Guidelines are not affected. *Id.* Even though the residual clause was invalidated by *Johnson II*, Petitioner remains a Career Offender. After excising the residual clause, the Career Offender Guidelines defines a crime of violence as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, "that—(1) has as an element the use, or attempted use, or threatened use of physical force against the person

of another, or (2) is burglary of a dwelling, arson, or extortion, [or] involves use of explosives." U.S.S.G. § 4B1.2(a). Application Note 1 of the commentary to the Career Offender Guidelines also provides as follows:

> 'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as 'crime of violence' if (A) that offense has an element the use, attempted use, or threatened se of physical force against the person of another, or (B) the conduct set forth (i.e. expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device) or, by its nature, presented a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2 (n.1). Bank Robbery is defined as taking, or attempting to take "by force and violence, or by intimidation, . . . from the person or presence of another, . . . any property or money . . . [from any financial institution]."18 U.S.C. § 2113(a).

Petitioner argues that robbery is not explicitly stated as an enumerated offense in the Guidelines. *See* Doc. No. 21. The Supreme Court held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 505 U.S. 36, 38 (1997); *United States v. Rising Sun*, 522 F.3d 989, 991 (9th Cir. 2008); *United States v. Garcia-Cruz*, 978 F.2d 537, 539 (9th Cir. 1992). Application Note 1 explicitly lists robbery as an enumerated offense. *See* U.S.S.G. § 4B1.2 (n.1). Petitioner's robbery conviction does not fall under the residual clause, nor is the commentary in Note 1 altered without the residual clause. Rather, the Ninth Circuit has previously relied on Guideline commentary to categorize crimes of violence. *See United States v. Becerril-Lopez*, 541 F.3d 881 (9th Cir. 2008) (holding that a robbery was a crime of violence solely because it was enumerated as an example in the Notes to Guidelines.)

Petitioner also argues that unarmed bank robbery is not a crime of violence under the force clause because it does not require the necessary *mens rea*. *See* Doc. No. 21. However, the Ninth Circuit recognized unarmed bank robbery as a crime of violence under § 4B1.2's force clause, holding that unarmed bank robbery, where money or property is taken through force and violence, or through intimidation, amounted to a "threatened use of physical force." *See United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). The Court's analysis was limited, reasoning only that acting in a way that would put the ordinary person in fear of bodily harm necessarily constituted the threatened use of force. *Id*. The Court also cited the Note to the Guideline, which includes "robbery" as an enumerated offense. *Id*.

This Court rejects Petitioner's argument that departing from Ninth Circuit precedent is appropriate solely because § 2113(a) does not require violent physical force as required by intervening Supreme Court law, *Johnson v. United States*, 544 U.S. 295 (2005) ("*Johnson I*"), or intentional use of force, *Leocal v. Ashcroft*, 543 U.S. 1, 1 (2004). This Circuit has repeatedly rejected such arguments. In *Johnson I*, the Supreme Court held that battery in Florida law does not constitute a violent felony under the A.C.C.A., defining physical force as "violent force." *Johnson I*, *supra*, 544 U.S. at 2. The Court finds that *Johnson I* has no application to the context of bank robbery because the aforementioned offense requires more than a mere threat to make intentional, physical contact. Rather, guided by *Selfa*, a person must "willfully take, or attempt to take, in such a way that would put an ordinary reasonable person in fear of bodily harm." *See Selfa*, 918 F.2d at 751. *Johnson I* does not stand in opposition and is not "clearly irreconcilable" with *Selfa*, upholding robbery as a violent offense. Therefore, the Court remains unpersuaded by the Petitioner's characterization of unarmed bank robbery as being unqualified to be a crime of violence under the force clause. Accordingly, the Court finds that *Beckles* forecloses Petitioner's claim under *Johnson II* and is dispositive of Petitioner's motion, and, accordingly, the motion should be **DENIED**.

## **CONCLUSION AND ORDER**

Based on the foregoing, the Court hereby:

1. **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [doc. no. 21]; and
2. **DENIES AS MOOT** Respondent's request to stay proceedings until the resolution of *Beckles v. United States* [doc. nos. 24].

**IT IS SO ORDERED.**

DATED: August 21, 2017

_____
JOHN A. HOUSTON
United States District Judge